**IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
AT JACKSON**

_____

| | | |
|---|---|---|
| | ) | |
| **WILLIAM P. NEWTON,** | ) | Shelby County Chancery Court |
| | ) | No. 95025-3 R.D. |
| Plaintiff/Appellant. | ) | |
| | ) | |
| VS. | ) | C. A. NO. 02A01-9604-CH-00086 |
| | ) | |
| **JAMES S. COX,** | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | |

**FILED**

**April 24, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

**O R D E R**

_____

The appellee has filed a motion for a rehearing in this matter. Contrary to Appellee's assertion, this Court did not rule that the contract between Ms. Newton and Mr. Cox was voided. Perhaps Appellee interpreted the portion on page 2 of our opinion which states that "the Supreme Court's decision in *Newton v. Cox*, 878 S.W.2d 105 (Tenn.), *cert. denied*, 115 S.Ct. 1889 (1994), confirmed that Newton had the right to void the fee contract entered into by the parties" as referring to all of the parties to the contract rather than to the parties to the present suit, Mr. Newton and Mr. Cox.

Appellee correctly asserts that the date from which post-judgment interest begins was not briefed or argued. However, this Court believes the applicable law is as set forth in our opinion. Therefore, the petition for rehearing is denied and costs are taxed to Mr. Cox.

Enter this _____ day of _____, 1997.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S.

_____
LILLARD, J.